IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLEWELYN L. GABALIS, | No. CIV S-09-0253-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| R. PLAINER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

Plaintiff names the following as defendants: Plainer, Amero, and Harrison. He states that his cell was searched on January 10, 2007, incident to a lock-down. According to plaintiff, "[a]n issue arose over an item of my property and I felt that staff were violating my rights and specific Title 15 rules regarding that property." He states that the searching officers had questioned his right to possess a book entitled The Art of Seduction. Plaintiff alleges that defendant Plainer instructed the officer to send the book to the institutional investigations and

1

PDF created with pdfFactory trial version www.pdffactory.com

security unit while plaintiff filed an inmate appeal.  However, plaintiff states that the officer ignored defendant Plainer's instructions and instead gave plaintiff the choice of either donating the book or sending it home.

          Plaintiff felt the officer was acting contrary to the rules and defendant Plainer's instructions because there had been an earlier incident of staff being met with physical force by prisoners.  For this reason, plaintiff then stated:  "And you wonder why some prisoner's respond to your illegal behavior with violence."  According to plaintiff, this caused the officer to become very agitated.  Plaintiff states that the officer took him to see defendant Plainer at which time "an exaggerated summary of what I had said was conveyed to [Plainer] by the officer."  Plaintiff claims that defendant Plainer then turned to him and said:  "Okay, you want to make this personal."  Following this statement, plaintiff was taken to the program office and surrounded by "approximately fourteen officers in an attempt to intimidate me an/or provoke me to violence by making derogatory statements to me."  Specifically, plaintiff alleges that various officers said words to the effect that "you islanders are nothing but 'niggers.'"  Plaintiff refused to respond and states that he was then escorted back to his housing unit by defendants Amero and Harrison.

          According to plaintiff, as he was being escorted, defendant Harrison said something to him which he did not hear due to a hearing disability.  Plaintiff states that he turned his head to better understand defendant Harrison and that "at that very moment both sergeants immediately picked me up and threw me to the ground face first with substantial force."  Plaintiff alleges that, while on the ground, defendant Amero "began smashing the left side of my face against the concrete" while defendant Harrison "places his left knee into my back using his body weight to smash me into the ground, while simultaneously striking me with his baton to my knees, thighs, back, and elbow. . . ."  At that point, defendant Amero said:  "That should teach you fucking Islanders to fuck with us."  Plaintiff states that his injuries were so severe that he could not stand or walk and had to be carried to the medical facility.

/ / /

PDF created with pdfFactory trial version www.pdffactory.com

        The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

        Accordingly, IT IS HEREBY ORDERED that:

        1.      The court authorizes service on the following defendant(s):

                PLAINER,

                AMERO, and

                HARRISON;

        2.      The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint; and

        3.      Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

                a.      The completed Notice of Submission of Documents;

                b.      One completed summons;

                c.      Three completed USM-285 form(s); and

                d.      Four copies of the endorsed complaint.

DATED: February 17, 2009

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LLEWELYN L. GABALIS,              No. CIV S-09-0253-CMK-P

      Plaintiff,

  vs.

R. PLAINER, et al.,

      Defendants.

                      /

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order: _____

    1    completed summons form;
           completed USM-285 form(s); and
    ___  copies of the [ORDINAL amended] complaint.
    ___

DATED: _____          _____
                                                      Plaintiff

PDF created with pdfFactory trial version www.pdffactory.com