1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LLEWELYN L. GABALIS,                    No. CIV S-09-0253-CMK-P

12              Plaintiff,

13        vs.                                ORDER

14   R. PLAINER, et al.,

15              Defendants.

16   _____/

17           Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pursuant to the written consent of all parties, this case is before the

19   undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28

20   U.S.C. § 636(c).  Pending before the court is plaintiff's motion for injunctive relief (Doc. 27).

21           In his one-page handwritten motion, plaintiff states:

22           I am writing you because on 10-25-09 I was put here in
             Administrative Segregation pending the investigation into the death of my
23           cell mate who committed suicide by hanging his self.
                     Anyway since I've been in Administrative Segregation I have
24           requested a number of times for all my legal materials for this case that's
             in my personal property.  And all my request has gone un-answered.  This
25           action constitute actual injury to my pursuit of my legal claim in this case.

26           I hereby request an order compelling the authority here at High

                                               1

1   Desert State Prison to hand over all my legal materials, papers, books, etc.,
for this case.  As soon as possible.

2

3   The legal principles applicable to requests for injunctive relief, such as a

4   temporary restraining order or preliminary injunction, are well established.  To prevail, the

5   moving party must show that irreparable injury is likely in the absence of an injunction.  See

6   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

7   Def. Council, Inc., 129 S.Ct. 365 (1008)).  To the extent prior Ninth Circuit cases suggest a lesser

8   standard by focusing on the mere possibility of irreparable harm, such cases are "no longer

9   controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

10   1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

11   likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

12   injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

13   interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

14   In this case, the court finds that plaintiff has not demonstrated the requisite

15   irreparable injury should the requested order not be issued.  In particular, the docket reflects that,

16   despite plaintiff's allegations of an inability to access his legal materials, he was able to file a

17   timely substantive opposition, with exhibits attached, to defendants' motion for summary

18   judgment.[1]

19   Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for injunctive

20   relief (Doc. 27) is denied.

21   DATED: August 11, 2010

22

23   CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

24

25

26   [1]   Defendants' motion will be addressed by separate order.

2